Edgcomb Law Group
JOHN D. EDGCOMB (SBN 112275)
COURTNEY M. LEBOEUF (SBN 230613)
MICHAEL A.G. EINHORN (SBN 252462)
115 Sansome Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 399-1555
Facsimile: (415) 399-1885
jedgcomb@edgcomb-law.com

Bingham McCutchen LLP
NANCY M. WILMS (SBN 111837)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
nancy.wilms@bingham.com

Attorneys for Defendant
McKESSON CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, JOHN LOCKE, an individual, GREVE FINANCIAL SERVICES, INC., a California corporation, <br><br>Plaintiffs, <br><br>v. <br><br>OMEGA CHEMICAL PRP GROUP LLC; et al. <br><br>Defendants. | Case No. EDCV 07-1471 TJH (JWJx) <br><br> MCKESSON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER LIFTING STAY FOR THE LIMITED PURPOSE OF ALLOWING MOTION TO DETERMINE GOOD FAITH OF SETTLEMENT AND RELATED ISSUES <br><br> Date:  Under Submission <br> Time:  Under Submission <br> Courtroom:  17 <br> Judge:  Hon. Terry J. Hatter, Jr. <br> Discovery Cut-off:  TBD <br> Pre-Trial Conf.:  TBD <br> Trial Date:  TBD |

{00004464.DOC-5}
McKesson Memo. In Support Of Ex Parte Motion For Order Lifting Stay For The Limited Purpose Of Allowing Motion To Determine Good Faith Of Settlement and Related Issues

## I. INTRODUCTION

This motion follows the settlement of various claims between Angeles Chemical Company, Inc., John Locke, Janyce Locke and Greve Financial Services, Inc. (collectively, "Plaintiffs") , on the one hand, and defendants McKesson Corporation ("McKesson"), Seymour Moslin, Harvey Sorkin, and the Estate of Paul Maslin (collectively, "Settling Defendants") (Plaintiffs and Settling Defendants shall collectively be referred to herein as "Settling Parties").  The terms of the settlement between the Settling Parties are set forth in a settlement agreement dated January 5, 2010 ("Settlement Agreement").  The Settlement Agreement resolves the claims between the Settling Parties, and of the Plaintiffs against Joseph Sorkin and the Estate of Joseph Sorkin, in both <u>Angeles Chemical Co., Inc., et al. v. McKesson Corp., et al.</u>, CV 01-10532 TJH (Ex) (the "McKesson Action"), and this case, <u>Angeles Chemical Co., Inc., et al. v. Omega Chemical PRP Group, et al.</u>, CV 07-1471 TJH (Ex) (the "Omega Action"),

McKesson, on behalf of itself and the other Settling Defendants, respectfully requests that this Court lift the stay of litigation in this case, the Omega Action, for the limited purpose of permitting briefing on, and the Court's determination of:  1) the good faith of the Settlement Agreement; 2) whether the settlement justifies a bar of certain federal and state law claims against McKesson, the Sorkin Group, and Joseph Sorkin and his Estate for contribution, indemnity or other relief arising from a co-defendant's or other third party's liability to one or more of the Plaintiffs; and (3) whether to apply the Uniform Comparative Fault Act ("UCFA"), adopted as federal common law, to govern the effect of the Settlement Agreement on the Plaintiffs' remaining federal and state law claims against all non-settling parties in the Omega Action.

As explained more fully below, good cause exists for the Court to grant this motion to lift the stay for this limited purpose in order to effectuate the Settlement Agreement in both the McKesson Action and the Omega Action, which resulted

from settlement discussions mediated by the Hon. Percy Anderson. It would irreparably prejudice the Settling Parties if they are not permitted to finalize the settlement of various claims among them in both cases, which is contingent on the Court's entry of an order in the Omega Action finding the settlement to be in good faith and making certain related findings discussed in more detail below. Thus, the proposed lifting of the stay in the within Omega Action, only as necessary to obtain the relief set forth below in a further Court Order, is necessary for completion of the settlements in both the McKesson and Omega Actions reached under Court oversight pursuant to Court-ordered settlement discussions.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2008, the Court ordered a stay in this Omega Action. (See Declaration of John D. Edgcomb In Support of McKesson Corporation's Motion for Order Lifting Stay for the Limited Purpose of Allowing Motion to Determine Good Faith of Settlement and Related Issues ("Edgcomb Decl."), ¶ 2, Ex. A.) On October 13, 2009, in the related McKesson Action, this Court ordered the parties to settlement discussions mediated by the Hon. Percy Anderson. (Id. at ¶ 3). As a result of those discussions, on October 29, 2009, the Settling Parties reached the principal terms of a conditional Settlement Agreement covering the claims among them, and the plaintiffs' claims against Joseph Sorkin and the Estate of Joseph Sorkin, in both the Omega Action and the Angeles Action. (Id. at ¶ 4). The Settling Parties gave notice of this conditional settlement to the Court on November 10, 2009 in the McKesson Action. (Id., Ex. C). On January 5, 2010, the Settling Parties agreed to the terms of the integrated Settlement Agreement. (Id. at ¶ 4).

Under the terms of this conditional Settlement Agreement, within 10 days of the entry of the good faith settlement order described in paragraph 3 of the Settlement Agreement, Plaintiffs agree to dismiss with prejudice all of their claims in the McKesson Action and in the Omega Action against the Settling Defendants

{00004464.DOC-5}

2

1  and Joseph Sorkin. (Edgcomb Decl., ¶ 5.) In turn, within 10 days of the entry of
2  the same good faith settlement order, the Settling Defendants agree to dismiss with
3  prejudice all of their counterclaims against Greve in the McKesson Action. (Id.)
4  The Settlement Agreement is expressly conditioned on the Court's entry of a good
5  faith settlement order in this Omega Action that: (1) finds the Settlement
6  Agreement to be in good faith, fair, reasonable, consistent with the intent of
7  CERCLA and, secondarily, California Code of Civil Procedure section 877; (2)
8  bars all federal and state law claims against the Settling Defendants and Joseph
9  Sorkin and his Estate for contribution, indemnity or other relief arising from a co-
10 defendant's or other third party's liability to one or more of the Plaintiffs; and (3)
11 applies the UCFA, adopted as federal common law, to govern the effect of the
12 Settlement Agreement on the Plaintiffs' remaining federal and state law claims
13 against all non-settling parties in the Omega Action. (Id.) Thus, McKesson
14 respectfully requests the stay in the Omega Action be lifted for the limited purpose
15 of allowing Settling Defendants to seek an Order from the Court with these terms
16 that are necessary to effectuate the Settlement Agreement.
17         Counsel for McKesson received instructions from Judge Hatter's Court
18 Clerk, Joseph Remigio, on January 22, 2010, informing McKesson's counsel that
19 the "proper filing would be an Ex Parte Application lifting the stay . . ." (Edgcomb
20 Decl., ¶ 6, Ex. D). Thus, the instant Motion seeking a limited lifting of the stay in
21 the Omega Action is being filed along with the related *ex parte* pleadings in
22 accordance with the Court's instruction.
23 **III.   LEGAL ANALYSIS**
24         A District Court "has broad discretion to stay proceedings as an incident to
25 its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706, 117 S.
26 Ct. 1636, 137 L. Ed. 2d 945 (1997) (citing Landis v. North American Co., 299 U.S.
27 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). "The power to stay proceedings is
28 incidental to the power inherent in every court to control the disposition of the

{00004464.DOC-5}
3

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254. "The corollary to this power is the ability to lift a stay previously imposed." Boyle v. County of Kern, 1:03-cv-05162-OWW-GSA, 2008 U.S. Dist. LEXIS 5592 at *16 (E.D. Cal. Jan. 25, 2008). Thus, a Court has broad discretion to lift stays previously imposed as incident to its power to control its own docket. Moreover, Courts have the power to lift stays for the limited purpose of determining motions. Id., at *16-17, 26; see also, United States v. 87 Skyline Terrace, 26 F.3d 923, 926 (9th Cir. Cal. 1994)(reviewing District Court's holdings regarding post-dismissal motions in action where District Court heard motion to lift stay for the limited purpose of determining a motion to dismiss for lack of subject matter and entering an order dismissing the case with prejudice). Therefore, this Court has the power to lift the stay in the instant Omega Action for the limited purpose of allowing Settling Defendants to file a motion seeking an Order affirming the good faith of the settlement and containing the other provisions regarding a limited bar of contribution and indemnity claims and application of the UCFA as federal common law as set forth above .

      Under federal law, particularly in CERCLA cases such as the Angeles Action and Omega Action, District Courts routinely approve settlements and enter bar orders. See, e.g., AmeriPride Servs. v. Valley Indus. Servs., Civ. S-00-113-LKK JFM, 2007 U.S. Dist. LEXIS 51364 (E.D. Cal. July 2, 2007); Patterson Envtl. Response Trust v. Autocare 2000, Inc., CIV-F 01-6606 OWW LJO, 2002 U.S. Dist. LEXIS 28323 (E.D. Cal. June 28, 2002); Acme Fill Corp. v. Althin CD Med., Inc., Case No. C 91-4268 MMC, 1995 U.S. Dist. LEXIS 22308 (N.D. Cal. Oct. 31, 1995)(decisions attached hereto). Such an order is appropriate to facilitate settlement and conclude the settling parties' involvement in litigation and related litigation, particularly in a CERCLA case. AmeriPride, at *6, citing Foamseal, Inc v. Dow Chemical, 991 F. Supp. 883, 886 (E.D. Mich. 1998); see also Acme, at *7-8. Within the Ninth Circuit, a Court's authority to review and approve settlements

{00004464.DOC-5 }

4

and to enter bar orders has been expressly recognized. See e.g., Franklin v. Kaypro Corp., 884 F.2d 1222 (9th Cir. 1989)(settlement of claims under federal securities laws). This also applies to settlement of state claims in a federal action. See e.g., AmeriPride, at *6-7; Patterson, at *20-21.

If the stay is lifted for the limited purpose of permitting the briefing and determination of Settling Defendants' good faith settlement motion, Settling Defendants will file such a motion requesting the Court to: (1) find the Settlement Agreement to be in good faith, fair, reasonable, consistent with the intent of CERCLA and, secondarily, California Code of Civil Procedure section 877; (2) bar all federal and state law claims against McKesson, the Sorkin Group, and Joseph Sorkin and his Estate for contribution, indemnity or other relief arising from a co-defendant's or other third party's liability to one or more of the Plaintiffs; and (3) apply the UCFA, adopted as federal common law, to govern the effect of the Settlement Agreement on the Plaintiffs' remaining federal and state law claims against all non-settling parties in the Omega Action. As the terms of the Settlement Agreement, including the mutual dismissal of claims in the Angeles Action and the Plaintiffs' claims against the Settling Defendants and Joseph Sorkin in the Omega Action, are expressly conditioned on the Court's entry of a good faith settlement order in this Omega Action as specified above, the instant motion for lifting stay for the sole purpose of obtaining a decision on McKesson's good faith settlement motion is necessary and the appropriate vehicle to effectuate the terms of the Settlement Agreement. Thus, in keeping with the judicial policy to encourage settlement of CERCLA matters, good cause exists to grant the within motion. Acme, at *7 ("[C]ourts have recognized a strong federal interest in promoting settlement of complex CERCLA actions.").

## IV.   CONCLUSION

For the foregoing reasons, McKesson respectfully requests that the Court grant McKesson's Motion for Order Lifting Stay For The Limited Purpose

{00004464.DOC-5 }

5

Allowing Motion to Determine the Good Faith of the Settlement and Related Issues.

Respectfully Submitted,

DATED: February 2, 2010          EDGCOMB LAW GROUP

By: _____
    John D. Edgcomb
    Attorneys for Defendant
    McKESSON CORPORATION and
    Defendants HARVEY SORKIN,
    SEYMOUR MOSLIN, AND THE
    ESTATE OF PAUL MASLIN

DATED: February 2, 2010          BINGHAM MCCUTCHEN LLP

By: _____
    Nancy M. Wilms
    Attorneys for Defendant
    McKESSON CORPORATION and
    Defendants HARVEY SORKIN,
    SEYMOUR MOSLIN, AND THE
    ESTATE OF PAUL MASLIN

{00004464.DOC-5 }

6