# Exhibit 1



LEXSEE 2008 U.S. DIST. LEXIS 5592

**George A. Boyle, et al., Plaintiffs, v. County of Kern, Estate of Stephen Tauzer, et al., Defendants.**

1:03-cv-05162-OWW-GSA

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

*2008 U.S. Dist. LEXIS 5592*

**January 25, 2008, Decided
January 25, 2008, Filed**

**COUNSEL:** [*1] For George A Boyle, Noralee Boyle, Dean J Miller, Victor VeVea, Alena y, Ramona Guillen, Miriam Ruiz, George A. Boyle Law Offices, Giachino Family Enterprises, Plaintiffs: George A Boyle, LEAD ATTORNEY, Law Offices of George A Boyle, Bakersfield, CA.

For County of Kern, Edward R Jagels, Kern County District Attorney's Office, Stephen Tauzer, (deceased), Victoria Sharp, Bakersfield Police Department, Defendants: Mark Lloyd Nations, LEAD ATTORNEY, Kern County Counsel, Bakersfield, CA; Andrew C. Thomson, Office of County Counsel, County of Kern, Bakersfield, CA.

For City of Bakersfield, Defendant: Virginia Gennaro, LEAD ATTORNEY, City Attorney's Office, Bakersfield, CA; Michael G. Marderosian, Marderosian, Runyon, Cercone, Lehman & Armo, Fresno, CA.

For Estate of Stephen Tauzer, Defendant: Andrew C. Thomson, LEAD ATTORNEY, Office of County Counsel, County of Kern, Bakersfield, CA; Larry Cox, LEAD ATTORNEY, Young Wooldridge, LLP, Bakersfield, CA; Mark Lloyd Nations, LEAD ATTORNEY, Kern County Counsel, Bakersfield, CA.

For Scott - Tunnicliffe, Ralph - Wyatt, Defendants: Andrew C. Thomson, LEAD ATTORNEY, Office of County Counsel, County of Kern, Bakersfield, CA; Virginia Gennaro, LEAD ATTORNEY, [*2] City Attorney's Office, Bakersfield, CA.

For Alan Tandy, Bakersfield City Manager, Eric - Matlock, Bakersfield Police chief, Defendants: Virginia Gennaro, LEAD ATTORNEY, City Attorney's Office, Bakersfield, CA; Andrew C. Thomson, Office of County Counsel, County of Kern, Bakersfield, CA.

**JUDGES:** Oliver W. Wanger, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Oliver W. Wanger

**OPINION**

MEMORANDUM DECISION GRANTING DEFENDANT ESTATE OF STEPHEN TAUZER'S MOTION TO LIFT STAY (Doc. 63) AND GRANTING DEFENDANT ESTATE OF STEPHEN TAUZER'S MOTION TO DISMISS (Doc. 64)

I. Introduction.

The Estate of Stephen Tauzer ("Estate"), one of several defendants in this civil rights lawsuit, has filed a motion to lift a pending stay for the limited purpose of filing and for hearing a motion to dismiss the Estate. Both

the motion to lift stay and motion to dismiss are presently before the court.

II. Background.

A. Factual Background.

1. Background of this Case.

The following facts are from the plaintiffs' first amended complaint ("FAC") as they relate to Stephen Tauzer's actions and the Estate. The plaintiffs in this case are George A. Boyle, the Law Offices of George A. Boyle ("Law Firm"), Noralee Boyle, Dean J. Miller, [1] Victor VeVea, Alena VeVea, [*3] Ramona Guillen, Miriam Ruiz, and Giachino Family Enterprises. Plaintiff George Boyle and Dean Miller are attorneys licensed to practice law in California. Plaintiffs Noralee Boyle, Victor VeVea, Ramona Guillen, and Miriam Ruiz are employees or agents of the Law Firm.

> 1   By stipulation and order filed August 3, 2005, Dean Miller dismissed his complaint, with prejudice, as to all defendants. (Doc. 58).

The defendants are the County of Kern, City of Bakersfield, Office of the Kern County District Attorney, Bakersfield Police Department, Bakersfield City Manager Alan Tandy, Bakersfield Police Chief Eric Matlock, Kern County District Attorney Edward R. Jagels, Stephen Tauzer (deceased), Estate of Stephen Tauzer, Victoria Sharp, Scott Tunnicliffe, Ralph Wyatt, and Does 1 through 1,000. The individual defendants are sued in their individual and official capacities.

In 1998, Victor VeVea began researching allegations of inappropriate behavior by prosecutors, law enforcement personnel, and other members of the legal community, as well as a string of unsolved murders in Bakersfield, California. Victor VeVea kept copies of his research including photographs, notes, and data in a black plastic box. [*4] Victor VeVea disseminated his research to various members of the public. Victor VeVea also offered his homicide research to defendants Jagels and Tauzer, who declined his offer. Defendants Jagel and Tauzer were allegedly infuriated with the plaintiffs because of the research.

On September 21, 2001, Tauzer contacted Victor VeVea's co-workers or employers and accused or implied that Victor was involved in criminal activity or unethical conduct. In early February 2002 and continuing until his death, Tauzer and others contacted various attorneys, law firm employees, judges, court personnel, law enforcement personnel, and others and accused or implied plaintiffs were involved in criminal or unethical conduct.

In February 2002, defendant Tunnicliffe, a detective, prepared an affidavit in support of a request for a search warrant for Victor VeVea's office and house. Tauzer was one of several individuals who reviewed, edited, or approved the affidavit. Tauzer knew or should have known that the affidavit contained false or misleading statements and that material facts were intentionally or recklessly omitted when it was presented to a judicial officer to secure a search warrant. The judicial [*5] officer issued a warrant to search Victor VeVea's house, office, and certain vehicles using a special master (defendant Wyatt) under *California Penal Code § 1524*. As a result, VeVea's office was unlawfully searched with Tauzer's knowledge and approval. Various items were viewed, copied, or seized during the search of the office. Victor VeVea's house was also searched and one or more defendants did not permit him to see or read the affidavit and warrant. During the search of the house, the following items were seized: the black box containing Victor VeVea's research; one of defendant Tunnicliffe's reports from a trial where Victor VeVea was an expert witness and criticized Tunnicliffe's work; cards and letters between the VeVeas; photographs; clothes; cassette tapes; keys to a car; books; school records; a birth certificate; records, notes, and evidence from various court cases; notepads, envelopes, pens, and pencils; and a telephone and fax machine. The warrant was defective on its face and did not provide probable cause to search the house. The search and seizure of the house was with Tauzer's knowledge and approval. Tauzer also had knowledge of and approved the search of the VeVeas' [*6] vehicles without probable cause. Several items were read, copied, or seized during the search of the vehicles. Victor VeVea was also searched, and one or more defendants refused to permit him to see and read the affidavit and warrant. On the same day as these searches, Victor VeVea alleges he was in custody for approximately five hours.

The black box contained Victor VeVea's research. Portions of the research were in a language or code that was unintelligible to an unskilled person. One or more of the defendants delivered the black box to Tauzer's

residence, where Tauzer and Tunnicliffe attempted to use various books to decipher Victor VeVea's research.

Plaintiffs assert eighteen causes of action against the various defendants including the following against the Estate: abuse of process, fraud, violation of civil rights, conspiracy to violate civil rights, invasion of privacy, false arrest, assault, slander, libel, trespass, trespass to chattel, conversion, interference with prospective economic advantage, infliction of emotional distress, and negligence. Plaintiffs seek compensatory damages according to proof at trial, $ 50,000,000 in punitive damages, injunctive relief, attorney's [*7] fees, costs, and interest.

B. Procedural Background.

The plaintiffs filed their original complaint in this case on February 23, 2003. Plaintiffs filed the FAC on March 21, 2003. On April 10, 2003, defendant Ralph Wyatt filed a motion to dismiss, which the plaintiffs opposed. Defendant Wyatt's motion to dismiss was granted in part and denied in part, with leave to amend, on May 29, 2003. On October 10, 2003, plaintiffs' motion to compel further initial disclosures was granted.

The parties stipulated to stay the case due to criminal proceedings currently pending against plaintiff Victor VeVea in the case entitled *United States of America v. Victor VeVea,* case number 1:03-cr-05410-LJO. The parties stipulated to the stay because the results of the criminal proceeding could impact the viability of issues in this case. An order staying all proceedings in this case was entered February 4, 2004. [2] The stay continues in effect. The criminal case against Mr. VeVea concluded in the trial court on January 23, 2008, by Mr. VeVea's conviction on all charges.

> 2   Between February 4, 2004, and September 18, 2007, the date these motions were filed, the only activity in this case was the filing of two status [*8] reports and plaintiff Dean Miller's stipulation (and subsequent order) to dismiss the complaint as to himself only.

The Estate filed the motion to lift stay and motion to dismiss on September 18, 2007. Counsel for defendants County of Kern, Office of Kern County District Attorney, Kern County District Attorney Edward R. Jagels, Stephen Tauzer, and Victoria Sharp ("County Defendants") filed a notice of non-opposition to the Estate's motion to lift stay on the condition that the motion be for the limited purpose of hearing and ruling on the motion to dismiss the Estate, and that the stay be reinstituted as previously stipulated. The County Defendants also filed a notice of non-opposition to the Estate's motion to dismiss. Plaintiffs, however, have not opposed the Estate's motion to lift stay or motion to dismiss.

III. Legal Standard.

*Federal Rule of Civil Procedure 12(b)(6)* provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." The question before the court is not whether the plaintiff will ultimately prevail, rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him [*9] to relief. *See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).* "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002).*

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); see also Rodriguez v. Panayiotou, 314 F.3d 979, 983 (9th Cir. 2002).* A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).*

IV. Discussion.

A. Estate's Request for Judicial Notice.

The Estate's motion to lift stay and motion to dismiss request the court to take judicial notice of five documents pertaining to the administration of defendant Stephen Tauzer's probate estate. Each document is separately listed below.

"A judicially noticed fact must be one not subject to reasonable dispute [*10] in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." *Fed. R. Evid. 201(b)*. "A court shall take judicial notice if requested by a party and supplied with the necessary information." *Fed. R. Evid. 201(d)*. Judicially noticed facts often consist of matters of public record, such as prior court proceedings, *see, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988)*. A court may consider facts subject to judicial notice outside the pleadings in a motion to dismiss. *Mullis v. United States Bankr. Court for the Dist. of Nevada, 828 F.2d 1385 (9th Cir. 1987)* (citing *Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986))*.

A court may take judicial notice of court records in another case. *United States v. Howard, 381 F.3d 873, 876 fn. 1 (9th Cir. 2004)* (citing *United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980))*. A federal court may take judicial notice of orders made in a state court proceeding. *See Miles v. California, 320 F.3d 986, 987 (9th Cir. 2003)*.

> (1) The "Register of Actions/Case [*11] Docket" ("Probate Docket") in probate case number S-1500-PB51176, *Stephen Michael Tauzer Deceased* ("Probate Case"). The Probate Case was filed in the Metropolitan Division of the Kern County Superior Court on October 23, 2002.

The Probate Docket is a printout of the court's docket in the Probate Case. The Probate Docket contains numerous entries representing actions that took place during the probate of Stephen Tauzer's estate. The Probate Docket and its entries are not subject to reasonable dispute, and it is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. The Probate Docket is the proper subject of judicial notice under *Federal Rule of Evidence ("FRE") 201(b)*.

> (2) The judgment in the Probate Case in which the court entered an order after a hearing granting the petition to terminate authority to act under the Independent Administration of Estates Act and authorizing a preliminary distribution.

This document is captioned as an order after a hearing on motions to bifurcate a request for attorney's fees and personal representatives fees and a petition to terminate the authority to act under the Independent Administration [*12] of Estates Act, and to make a preliminary distribution of the estate. The order states that the court held a hearing on these matters on September 23, 2003, and Larry Cox appeared on behalf of the Estate and plaintiff Dean J. Miller appeared on behalf of himself and others. The court found that "Dean J. Miller and the parties he represents have waived the right to do so as to filing of a late creditor's claim." The court ordered, among other things, that Dean J. Miller's request for a continuance is denied, and that Dean J. Miller and the parties he represents "have waived any right they may have previously had to object."

This order is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. The order is the proper subject of judicial notice under *Federal Rule of Evidence ("FRE") 201(b)*. The request is GRANTED.

> (3) The judgment in the Probate Case in which the court entered an order after a hearing on the petitioner's motion to strike the creditors claim of the plaintiffs in this case (1:03-cv-05162-OWW-GSA).

This document is an order after a hearing on a motion to strike a creditor's claim. The hearing on this motion was held [*13] on August 19, 2003, and Larry Cox appeared on behalf of the Estate and Dean J. Miller appeared on behalf of himself and others. The order states:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to strike from the court's file the creditor's claim filed herein on July 29, 2003 by attorney DEAN J. MILLER on behalf of GEORGE A. BOYLE, et al, is granted provided, however, the granting is without prejudice as to the ability of the alleged creditors to file a petition to allow for the filing of a late creditor's claim.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any such petition to allow for the filing of a

late creditor's claim shall be set for hearing on September 23, 3003, at 8:30 a.m., before COMMISSIONER LOUIS P. ETCHEVERRY.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the alleged creditors shall undertake any and all actions necessary to have the matter noticed for hearing and heard on September 23, 2003, at 8:30 a.m., before COMMISSIONER LOUIE P. ETCHEVERRY, in the event the alleged creditor intend to pursue this matter.

This order is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. The order is the [*14] proper subject of judicial notice under *Federal Rule of Evidence ("FRE") 201(b)*. The request is GRANTED.

(4) The judgement in the Probate case in which the court entered an order terminating the personal representative of the Estate's authority and authorized a preliminary distribution of the Estate.

This document is an order on a petition to terminate the administratrix's authority to act under the Independent Administration of Estates Act and to authorize a distribution to the sole heir of defendant Stephen Tauzer. The hearing on this petition was held on October 16, 2003. This order states:

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. All acts and transactions of the Administratrix relating to the matters in the report are ratified, confirmed and approved.

2. The authority of the Administratrix to act under the Independent Administration of Estate Act is hereby terminated; and amended Letters of Administration shall be issued to the Administratrix.

3. The estate is but little indebted and a preliminary distribution can be made at this time without loss to creditors or injury to the estate or any person interested herein.

4. The Administratrix of this estate shall distribute the following [*15] property in the estate to the following person:

TO: MARY TAUZER, mother and sole heir-at-law of decedent:

1. Cash in the sum of $ 90,000.

2. Household furniture, furnishings, and personal effects of decedent.

3. 1/4th interest in and to a family partnership known as the TAUZER FAMILY LIMITED PARTNERSHIP.

5. No bond is required of the distributee.

This order is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. The order is the proper subject of judicial notice under *Federal Rule of Evidence ("FRE") 201(b)*. The request is GRANTED.

(5) A letter received by counsel for the Estate from Kern County Deputy Counsel that indicates that plaintiffs refuse to dismiss the Estate from this case (1:03-cv-05162-OWW-GSA) on the assertion that the state court proceedings are irrelevant to the federal claims.

The Estate did not attach a copy of this letter to its request for judicial notice. Judicial notice is improper if a court has not been "supplied with the necessary

information." *Fed. R. Evid. 201(d)*.

The Estate's request for judicial notice of the Probate Docket and orders in the Probate Case is GRANTED. The Estate's request for judicial notice [*16] of the letter received from the Kern County Deputy Counsel is DENIED.

B. Estate's Motion to Lift Stay.

The Estate requests the court to lift the stay in this proceeding for the limited purpose of filing a motion to dismiss it from this suit. The motion to dismiss is made on the grounds that no relief is available to the plaintiffs against the Estate because plaintiffs ignored the creditor's claim process that would have preserved their claim against the Estate.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)* (citing *Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936))*. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis, 299 U.S. at 254*. The corollary to this power is the ability to lift a stay previously imposed.

The probate estate was opened over five years ago and is now ready to be closed. The stay in this case was imposed by the parties' stipulation nearly four years ago. The beneficiaries of the Estate [*17] are entitled to finality, and this lawsuit continues to incur expenses for the Estate and prevents its closure. It is appropriate to allow the Estate an opportunity to have its motion to dismiss heard. Additionally, the plaintiffs have not filed an opposition brief to the Estate's motion to lift stay.

The Estate's motion to lift stay is GRANTED for the sole purpose of filing, hearing, and ruling on the motion to dismiss.

C. Estate's Motion to Dismiss.

The Estate filed this motion to dismiss on the grounds that no relief can be granted against the Estate in favor of the plaintiffs. The Estate contends plaintiffs cannot obtain relief against it because it has properly and duly rejected the plaintiffs' claim, the plaintiffs were fully aware of the claims rejection proceedings, and the plaintiffs neglected to file a petition to allow the filing of a late claim despite being aware of the need to do so and after being given permission by the probate court to do so.

The California legislature has enacted a comprehensive scheme designed to expedite the administration of estates while providing beneficiaries and administrators protection from unknown creditors. *Dobler v. Arluk Med. Ctr. Indus. Group, Inc., 89 Cal. App. 4th 530, 534, 107 Cal. Rptr. 2d 478 (Cal. Ct. App. 2001)*. [*18] For example, there are provisions regarding the notice that must be provided to creditors, provisions that define the time periods within which claims must be filed, provisions regarding the filing of creditor's claims, provisions defining the process for allowing or rejecting claims, and provisions addressing how claims in litigation are handled.

Filing claims against a decedent's estate provides a mechanism for paying the decedent's creditors. A claim "means a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated: (1) [l]iability of the decedent, whether arising in contract, tort, or otherwise." *Cal. Prob. Code § 9000(a)(1)*.

*Section 9100* of the Probate Code provides for the time period for filing claims. *Section 9100* provides:

> (a) A creditor shall file a claim before expiration of the later of the following times:
>
>> (1) Four month after the date letters are first issued to a general personal representative.
>>
>> (2) Sixty days after the date notice of administration is given to the creditor. Nothing in this paragraph extends the time provided in Section 366.2 of the Code of Civil Procedure.
>
> (b) A reference [*19] in another

statute to the time for filing a claim means the time provided in paragraph (1) of subdivision (a).

(c) Nothing in this section shall be interpreted to extend or toll any other statute of limitations or to revive a claim that is barred by any statute of limitations. The reference in this subdivision to a "statute of limitations" includes Section 366.2 of the Code of Civil Procedure.

The Probate Code also provides a mechanism for filing late claims after the time periods of Probate Code § 9100 expire. Probate Code § 9103 provides in relevant part:

> (a) Upon petition by a creditor or the personal representative, the court may allow a claim to be filed after expiration of the time for filing a claim provided in Section 9100 if either of the following conditions is satisfied:
>
>> (1) The personal representative failed to send proper and timely notice of administration of the estate to the creditor, and that petition is filed within 60 days after the creditor has actual knowledge of the administration of the estate.
>>
>> (2) The creditor had no knowledge of the facts reasonably giving rise to the existence of the claim more than 30 days prior to the time for filing a claim as provided in Section 9100, [*20] and the petition is filed within 60 days after the creditor has actual knowledge of both of the following:
>>
>>> (A) The existence of the facts reasonably giving rise to the existence of the claim.
>>>
>>> (B) The administration of the estate.
>
> * * *
>
> (e) Notice of hearing on the petition shall be given as provided in Section 1220.

After a creditor files a claim against a decedent's estate, the personal representative must either allow or reject the claim in whole or in part. *Cal. Prob. Code § 9250(a)*. The allowance or rejection of the claim must be in writing, and the personal representative must file such allowance or rejection with the court clerk and give notice to the creditor along with a copy of the allowance or rejection. *Cal. Prob. Code § 9250(b)*.

Before a creditor may commence a lawsuit against an estate, the creditor must file a claim. The California Probate Code provides "[a]n action may not be commenced against a decedent's personal representative on a cause of action against the decedent unless a claim is first filed as provided in this part *[§§ 9000 through 9399]* and the claim is rejected in whole or in part." *Cal. Prob. Code § 9351*. "A timely filed claim is a condition precedent to filing [*21] an action against the decedent's estate." *Dobler, 89 Cal. App. 4th at 536*. "In the event the personal representative rejects a creditor's claim, the claim is barred unless the creditor files suit against the decedent's estate within three months after rejection. *Id.* Filing a lawsuit against an estate is not the equivalent of filing a probate claim. *Van Ort v. Estate of Stanewich, 92 F.3d 831, 841 (9th Cir. 1996)* (citing *Wood v. Brown, 39 Cal. App. 3d 232, 114 Cal. Rptr. 63 (Cal. Ct. App. 1974))*.

Turning to the facts of this case, plaintiffs do not have a valid claim against the Estate and are therefore barred from recovering money damages from the Estate. The relevant facts are straightforward and the dates are crucial. Defendant Stephen Tauzer was murdered on September 15, 2002. A petition to administer the estate of Stephen Tauzer was filed with the Kern County Superior Court on October 23, 2002. An order granting the petition to administer the Estate was entered on December 6, 2002. Notice was provided to all creditors of the Estate as required by California Law.

On February 7, 2003, two months after the petition to

administer the Estate was granted, plaintiffs filed this lawsuit and later filed the [*22] FAC on March 21, 2003, seeking to hold the Estate liable for various state law torts and civil rights violations under *42 U.S.C. § 1983*. On June 16, 2003 a petition to terminate authority under the Independent Administration of Estates Act and to make a preliminary distribution was filed; the petition was set for hearing on July 21, 2003. A hearing on the petition was held on July 21, 2003, and the matter was continued to July 31, 2003. On July 29, 2003, eight days after the July 21 hearing, the Law Office of George A. Boyle filed a creditor's claim in an unascertained amount against the Estate; the claim was filed more than one month after the period for filing creditor's claims against the Estate had passed. At the July 31, 2003, continued hearing on the petition to terminate authority under the Independent Administration of Estates Act and to make a preliminary distribution, attorney and plaintiff Dean Miller appeared. The hearing was continued again to August 19, 2003. On August 8, 2003, the Estate's personal representative filed a motion to strike the plaintiffs' creditor's claim. A corrected notice to strike plaintiffs' creditor's claim was filed August 12, 2003.

The motion to [*23] strike plaintiff's creditor's claim was heard on August 19, 2003, and was granted. Plaintiff Dean Miller attended this hearing. The order granting the Estate's motion to strike plaintiffs' creditor's claim stated the motion to strike is granted without prejudice, so plaintiffs could file a petition to allow for the filing of a late creditor's claim. The order also required such petition to file a late creditor's claim be set for hearing on September 23, 2003, and that plaintiffs were required to undertake any actions to have the matter noticed for hearing and heard on such date. A hearing was held on September 23, 2003, on several matters. Dean Miller appeared at this hearing. In the meantime, however, plaintiffs failed to file a petition for leave to file a late creditor's claim as required by the order rejecting plaintiffs' claim without prejudice. The court denied plaintiffs' request for a continuance and ordered that Dean Miller and the parties he represents "waived any right they may have previously had to object." The court found that plaintiff Dean Miller and the parties he represents waived the right to file a late creditor's claim.

The Estate rejected the claim filed against [*24] it by plaintiffs. The Estate filed a motion to strike plaintiffs' claim in the probate court, and this motion was granted. After the probate court struck plaintiffs' creditor's claim, the court gave plaintiff Dean Miller the opportunity to file a petition to file a late creditor's claim and set it for hearing on September 23, 2003. Instead of filing a petition to file a late claim and set it for hearing, plaintiff Dean Miller appeared at the September 23, 2003, hearing and requested a continuance. The probate court denied a continuance and found that plaintiffs waived the right to file a late creditor's claim. Because plaintiffs waived their right to file a claim and recover against the Estate in the probate proceedings, plaintiffs cannot recover money damages in this case against the Estate. It is appropriate to dismiss the Estate from this lawsuit as any claim is barred and no monetary recovery may be awarded against the Estate.

The Estate has also argued that the California Probate Code does not conflict with *42 U.S.C. § 1983* and is therefore not preempted by the *Supremacy Clause*. It is unnecessary to address this constitutional issue in great detail because it is inapplicable. Preemption [*25] arises when Congress intends to occupy a field, state law stands as an obstacle to the accomplishment of Congress's objectives, or it is impossible to comply with both state and federal law. *See Freightliner Corp. v. Myrick, 514 U.S. 280, 287, 115 S. Ct. 1483, 131 L. Ed. 2d 385 (1995)* (stating "[w]e have recognized that a federal statute implicitly overrides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law. We have found implied conflict pre-emption where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.") (citations omitted). Probate is inherently a matter of local concern reserved to the States. *See Witco Corp. v. Beekhuis, 38 F.3d 682, 687 (3d Cir. 1994)* (noting "[s]ince probate matters traditionally have been nearly the exclusive concern of the states, there is a presumption against preemption of state law[,]" and holding the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) does not preempt state [*26] nonclaim statutes governing administration of decedents' estates). There is no preemption issue. No federal probate code exists. Had plaintiffs followed the proper procedures in the state court probate proceedings and preserved a claim against the Estate, they could seek a monetary recovery in this case. No conflict exists under such circumstances; plaintiffs could have complied with both state and federal

law.

The Estate's motion to dismiss it as a party from this lawsuit is GRANTED, WITH PREJUDICE.

V. Conclusion.

For the foregoing reasons,

(A) The Estate's request for judicial notice is GRANTED in part and DENIED in part;

(B) The Estate's motion to lift stay is GRANTED for the sole purpose of filing, hearing, and ruling on the Estate's motion to dismiss. The stay shall otherwise remain in effect for all other purposes; and

(C) The Estate's motion to dismiss is GRANTED, WITH PREJUDICE, and the Estate is dismissed as a party from this lawsuit.

The Estate shall file an order that conforms with this memorandum decision within ten (10) days following service of this decision.

**IT IS SO ORDERED.**

**Dated: January 25, 2008**

/s/ **Oliver W. Wanger**

**UNITED STATES DISTRICT JUDGE**