# Exhibit 2



LEXSEE 2007 U.S. DIST. LEXIS 51364

**AMERIPRIDE SERVICES INC., Plaintiff, v. VALLEY INDUSTRIAL SERVICES, INC., a former California corporation, et al., Defendants. And Related Counterclaims and Cross Claims. HUHTAMAKI FOODSERVICE, INC., Plaintiff, v. AMERIPRIDE SERVICES INC., Defendant.**

Case No. CIV. S-00-113-LKK JFM (Consolidated with Case No. S-04-1494-LKK/JFM)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

*2007 U.S. Dist. LEXIS 51364*

**July 2, 2007, Decided**

**SUBSEQUENT HISTORY:** Summary judgment granted by, Stay granted by *Ameripride Servs. v. Valley Indus. Serv., 2008 U.S. Dist. LEXIS 96831 (E.D. Cal., Nov. 24, 2008)*

**PRIOR HISTORY:** *Ameripride Servs. v. Valley Indus. Serv., 2007 U.S. Dist. LEXIS 18806 (E.D. Cal., 2007)*

**COUNSEL:** [*1] LEE N. SMITH (# 138071), MELISSA A. VERHAAG (# 226755), STOEL RIVES LLP, Sacramento, CA, Attorneys for Plaintiff/Defendant, AMERIPRIDE SERVICES INC.

**JUDGES:** LAWRENCE K. KARLTON, SENIOR JUDGE.

**OPINION BY:** LAWRENCE K. KARLTON

**OPINION**

**ORDER**

**ENTERING JUDGMENT UNDER *RULE 54(b)*, APPROVING SETTLEMENTS AND IMPOSING CONTRIBUTION BAR**

**Date: June 18, 2007**

**Time: 10:00 am**

**Court**

**Room: 4, 15th floor**

**Judge: Hon. Lawrence K. Karlton**

On April 27, 2007, parties to the consolidated cases filed a joint motion for approval of three settlements. Together, they requested that the Court enter an order barring claims against the settling parties for contribution or indemnity arising out of the settled claims and entering judgment in favor of Mission Linen under *Fed. R. Civ. P. 54(b)*.

The moving parties, who are parties to the consolidated actions, are: (1) AmeriPride Services, Inc. ("AmeriPride"), the plaintiff in *AmeriPride Services, Inc v. Valley Industrial, et al* (the "AmeriPride Action"), and the defendant in the consolidated case of *Huhtamaki Foodservice, Inc v. AmeriPride Services, Inc.* (the "Huhtamaki Action"); (2) Mission Linen Supply ("Mission Linen") as a defendant in the AmeriPride Action; (3) Chromalloy American Corporation ("Chromalloy [*2] American"), DHM Enterprises, Inc.

Case 5:07-cv-01471-TJH-E   Document 773-2   Filed 02/02/10   Page 3 of 6

Page 2
2007 U.S. Dist. LEXIS 51364, *2

("DHM"), George Backovich and Bruce Pennell (the "DHM Parties") as defendants, cross claimants and cross-defendants in the AmeriPride Lawsuit; (4) Petrolane Incorporated, UGI Corporation, AmeriGas Inc., AmeriGas Propane, Inc., AmeriGas Propane LP, AmeriGas Partners, L.P, and Texas Eastern Corporation (collectively "Petrolane"), defendants in the AmeriPride Action; [1] and (5) Huhtamaki Foodservice Inc. ("Huhtamaki"), the plaintiff in the Huhtamaki Action.

> 1   Valley Industrial Services Inc. ("Valley") a named defendant, merged into other entities that eventually dissolved. Another named defendant Texas Eastern Overseas, Inc. ("TEO") was dissolved some time ago with no assets other than potential rights under certain insurance policies. Neither Valley nor TEO are parties to the settlement agreements.

The underlying claims in both actions are brought under federal environmental statutes, including the Comprehensive Environmental Response, Compensation and Liability Act, *42 U.S.C. § 9601 et seq.* ("CERCLA"), but also include common law and statutory claims based on California law.

Notice of the joint motion and the proposed entry of a contribution bar order was [*3] duly and properly given to each of the parties to the consolidated actions and notice pursuant to this Court's Order dated May 4, 2007 has also been given to California-American Water Company ("Cal-Am"), as plaintiff in the now-dismissed action captioned *California-American Water Company v. AmeriPride Services, Inc., et al.,* Case No. 02-1479 (the "Cal-Am Action") and with respect to its claims, if any, against the settling parties, and to certain other non-parties, as set forth in the proof(s) of service filed pursuant to the May 4, 2007 Order.

**FACTUAL BACKGROUND**

The facts of the consolidated cases have been detailed in several previous orders of this Court and will not be repeated here. In brief, however, AmeriPride owns and operates an industrial laundry facility located on Wilbur Way in Sacramento, California. After tetrachloroethene ("PCE") was discovered in the soils and groundwater at the AmeriPride site, AmeriPride investigated. That investigation revealed a plume of PCE contamination emanating from the AmeriPride property and migrating to the east, toward Huhtamaki's property.

Asserting that it is an innocent owner of the contaminated property, AmeriPride sued its predecessors [*4] in title, Valley, the alleged corporate affiliates of Valley ("Petrolane"), Mission Linen, and parties associated with a neighboring property, the DHM Parties and Chromalloy American, to contribute to the costs AmeriPride has incurred and will incur in the future as a result of the contamination, which have been estimated to be as high as $ 20 million or more. Claims against and between these entities are the core of the AmeriPride Action.

After the PCE contamination released from AmeriPride's property reached Huhtamaki's wells, Huhtamaki stopped using groundwater from those wells in its manufacturing process. It then sued AmeriPride for the cost of purchasing replacement water and for an order requiring AmeriPride to clean up the groundwater on Huhtamaki's property. AmeriPride counterclaimed, asserting that Huhtamaki was liable for exacerbating the contaminant plume. These claims and counterclaims form the basis of the Huhtamaki Action.

**TERMS OF THE THREE SETTLEMENTS**

### 1. The Chromalloy/AmeriPride Settlement

The Chromalloy/AmeriPride settlement agreement provides that AmeriPride is to be paid a total of $ 500,000 over three years. AmeriPride's right to payment is subject to a right of offset [*5] with respect to certain claims against Chromalloy American and includes a mutual release of all claims by and among AmeriPride, Chromalloy American and the DHM Parties, as well as the dismissal with prejudice of claims by and among Chromalloy American and AmeriPride.

### 2. The Petrolane/AmeriPride Settlement

The Petrolane/AmeriPride settlement requires the Petrolane Defendants to pay AmeriPride $ 2.75 million in return for which AmeriPride has agreed to release the Petrolane Defendants from liability. The Petrolane and AmeriPride settlement includes indemnities by AmeriPride in favor of the Petrolane defendants.

### 3. The Huhtamaki/AmeriPride Settlement

The Huhtamaki/AmeriPride settlement provides that AmeriPride will pay Huhtamaki $ 8.25 million, that AmeriPride will dismiss its appeal of an extant Cleanup

and Abatement Order issued by the Central Valley Regional Water Quality Control Board ("RWQCB"), and that AmeriPride will comply [2] with future Orders of the RWQCB related to PCE emanating from the AmeriPride property. Huhtamaki has agreed to provide AmeriPride with access to the Huhtamaki property as necessary for AmeriPride to comply with the RWQCB's orders. Each of the parties to the Huhtamaki [*6] and AmeriPride settlement provides the other with a release of liability and promises to dismiss the claims in the Huhtamaki Action with prejudice.

> 2   Pursuant to its settlement agreement with Huhtamaki, compliance with RWQCB orders is subject to AmeriPride's right to reasonably challenge or dispute any such order.

**FINDINGS OF FACT AND LAW**

This Court has the authority to approve all three settlements and enter a Bar Order. The primary claims in both actions are based upon CERCLA, but each action also includes claims and counterclaims under state statutes and common law. It therefore is appropriate to look to both federal and state law with respect to the settlements.

Under federal law, particularly in CERCLA cases such as this, district courts have approved settlements and entered bar orders. *See e.g., New York v. Solvent Chemical Company, 984 F.Supp.160, 163 (W.D.N.Y. 1997)*; *United States v. Western Processing Co., Inc., 756 F.Supp.1424, 1432-33 (W.D. Wash. 1990)*. Such an order is appropriate to facilitate settlement, particularly in a CERCLA case. *Foamseal, Inc v. Dow Chemical, 991 F.Supp. 883, 886 (E.D. Mich. 1998)*. Within the Ninth Circuit, a court's authority to review and approve settlements [*7] and to enter bar orders has been expressly recognized. *See., e.g., Franklin v. Kaypro Corp., 884 F.2d 1222 (9th Cir. 1989)* (settlement of claims under federal securities laws). This also applies to settlement of state claims in a federal action. *See e.g. Patterson Environmental Response Trust v. Autocare 2000, Inc.,* No. Civ-F 01-6606 (E.D.Cal. July 8, 2002); *Federal Savings and Loan Ins. Corp v. Butler, 904 F.2d 505, 511 (9th Cir. 1990)*.

Here, the parties have made the required showing that each of these settlements is procedurally and substantively fair. Each settlement was the result of arms-length negotiations that took place after years of litigation and extensive discovery. In each case, the parties have demonstrated that the decision to settle was motivated by the desire of each to avoid the significant costs required to further litigate this case as well to avoid the uncertainty of litigation. Settlement was also motivated in each case by the settling parties' desire for finality with respect to their involvement in the consolidated case as well as in any other litigation related to the soil and groundwater contamination.

Under California law, settlements can be approved under the [*8] provisions of *Section 877.6* of the California Code of Civil Procedure. *Subpart (c)* of that section provides:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Whether a settlement is made in "good faith" within the meaning of *Section 877.6* is determined based on a variety of factors identified in the California Supreme Court's decision in *Tech-Bilt, Inc v. Woodward-Clyde & Associates, 38 Cal.3d 488, 499-500, 213 Cal. Rptr. 256, 698 P.2d 159 (1985)*. The factors that are relevant here include: (i) a rough approximation of plaintiffs total recovery and the settler's proportionate liability; (ii) the amount paid in settlement; (iii) a recognition that a settler should pay less in settlement than if found liable after trial; (iv) the allocation of the settlement proceeds; (v) the settling party's financial condition and the availability of insurance; and (vi) evidence of any collusion, fraud, or tortious conduct between the settler and the plaintiff aimed [*9] at requiring the non-settling parties pay more than their fair share.

A settling party in a federal action involving California claims can file a motion seeking a good faith determination. *Federal Savings & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990)*. And federal courts in California have jurisdiction to apply the *Tech-Bilt* factors in ruling on such a motion. *Shawmut Bank, N.A. v. Kress Assocs., 33 F.3d 1477, 1504 (9th Cir.*

*1994)*; *Rutgard v. Haynes, 61 F. Supp. 2d 1082 (S.D. Cal. 1999)*.

Based on the *Tech-Bilt* factors, each of the settlements in this case qualifies as a good faith settlement within the meaning of *Section 877.6*. The first factor, an approximation of recovery and potential liability, is the most important. There are no firm guidelines that define whether the amount of a settlement is "grossly disproportionate." The settlement amount need only be "in the ballpark," with any party challenging a settlement having the burden of establishing that it is so far "out of the ballpark" that the equitable objectives of *Section 877* are not satisfied. *Tech-Bilt, 38 Cal.3d at 500*. Here, the settlement amounts reflected in the settlement agreements before the Court are unquestionably [*10] "in the ballpark."

The remaining *Tech-Bilt* factors are either not relevant or provide additional support for the conclusion that each of the settlements is a good faith settlement. There also is no evidence that any of the settlements before the Court was the result of collusion or fraud or was structured so as impose an undue share of liability on non-settling parties. Instead, given that each of the settlements was reached through arm's-length negotiations among sophisticated entities represented by counsel and with the assistance of a professional mediator, after years of investigation and extensive discovery.

When, as here, there are third parties who might later assert claims for contribution, there is a risk that settlement between some but not all of the parties could work to the detriment of non-settling parties. Federal courts in California approving settlements involving CERCLA have adopted Section 6 the Uniform Comparative Fault Act ("UCFA") as federal common law. *T.H. Agric. & Nutrition Co., Inc v. Aceto Chem. Co., Inc., 884 F.Supp. 357 (E.D. Cal. 1995)*. This Court does the same here. Applying Section 6 of UCFA and the procedural requirements of California Code of Civil Procedure [*11] *Section 877.6* will allow the parties to achieve finality in their settlements, and is warranted by the good-faith nature of the settlements.

Taken together, the parties' settlement agreements are a good-faith effort to resolve future responsibilities between the parties and this effort should be protected by a Bar Order. Also, as to any potential non-parties to this litigation, the settlements represent a fair allocation of settlement proceeds and liabilities as indicated above. This is especially true in light of the additional commitment of AmeriPride in its settlement agreement with Huhtamaki to comply with Clean-Up and Abatement Order issued by the State of California in 2006, in regard to the further remediation of the contamination, reducing substantially the possibility of any shortfall created by the approval of these settlements. That being the case, applying both Section 6 of UCFA and the procedural requirements of California Code of Civil Procedure *Section 877.6*, there is no longer any reason for this Court to delay a finding that all three settlements were entered into in good faith and that the settling parties are entitled to an order protecting them from contribution [*12] actions brought by third parties.

WHEREFORE, the matter having been briefed and submitted for decision, and for good cause appearing,

IT IS HEREBY ORDERED that the parties' joint motion is GRANTED.

THE COURT MAKES THE FOLLOWING FINDINGS AND FURTHER ORDERS:

1. Each of the three settlement agreements is hereby approved as a good faith settlement and as substantively fair, reasonable and consistent with the purposes of CERCLA.

2. Section 6 of the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147 (1996) in pertinent part, is hereby adopted as the federal common law in this case for the purpose of determining the legal effect of the settlement agreements

3. The Court further finds and determines that each of the three settlement agreements has been entered into in good faith within the meaning of *Sections 877* and *877.6* of the California Code of Civil Procedure.

4. Pursuant to Section 6 of UFCA and *Section 877.6* of the California Code of Civil Procedure, any and all claims for contribution or indemnity against the settling parties, arising out of the facts alleged in the AmeriPride Action and the Huhtamaki Action (except such claims which are specifically reserved by the terms of the three [*13] settlement agreements discussed above and by the terms of the settlement agreement between AmeriPride and California American Water Company that was approved by the Court by order signed August 15, 2005

and entered on August 16, 2005 in the Cal-Am Action), regardless of when such claims are asserted or by whom, are barred. Such claims are barred regardless of whether they are brought pursuant to CERCLA or pursuant to any other federal or state statute or common law.

5. All claims and counterclaims asserted in the Huhtamaki Action are dismissed with prejudice.

6. Judgment pursuant to *Rule 54(b), Fed. R. Civ. P.* is hereby entered in favor of defendant Mission Linen in the AmeriPride Action, with Mission Linen agreeing to bear its own costs and attorneys fees.

7. All claims and counterclaims asserted in the AmeriPride Action that have not previously been disposed of by order of this Court on summary judgment are hereby dismissed with prejudice, with the exception of AmeriPride's claims against Valley Industrial Services, Inc. and Texas Eastern Overseas Inc. which are not dismissed, and with the exception of cross-claims against Mission Linen, which are dismissed with prejudice, with each [*14] party agreeing to bear its own costs and attorneys' fees.

8. Counsel for Huhtamaki is directed to serve a copy of this Order on each of the non-parties identified in the proof(s) of service filed pursuant to the May 4, 2007 Order (other than Cal-Am, which is being served with this Order electronically). Service may be made by personal service or by certified mail, return receipt requested.

IT IS SO ORDERED.

Dated: July 2, 2007.

LAWRENCE K. KARLTON

SENIOR JUDGE

UNITED STATES DISTRICT COURT